Nash, C. J.
 

 We are of opinion that the plaintiff is entitled to relief, under the facts of this case, against the defendant, Sanders. The children of John S. Jones, were the wards of the defendant Sanders, and entitled to a considerable estate, both real and personal, derived from their grandfather. The children were young, and permitted to remain with their parents, and. their father was, from year to year, suffered to hire portions of their property, without giving to the guardian any security. This continued up to the year, 1850, when Jones, the father, rented and hired property to the amount of $805 J5, and was required to give bond and
 
 *213
 
 security. The plaintiff was applied to by Jones, to become his surety, which he declined, when the defendant Sanders came up, and was asked by Mr. Brinson, if there would b8 any difficulty, if he signed the note
 
 %
 
 He answered no; for, if Jones kept the children, there would be enough to pay the bond. Brinson did sign the bond, and Jones kept the children during the year 1850, for the hireing of which year it was given.
 

 The defendant Sanders, in his answer avers, that in consequence of a disagreement between Jones, the father, and the former guardian, the latter would not advance any funds for the maintenance of the children for the year 1847, when he became their guardian, and that he maintained them that year’, whereby they became indebted to him largely; and that during the year 1850 he made large advances in provisions for their support.
 

 He has failed to prove either allegation. In the deposition of Mr. Hall it is shown, that upon his examination, two receipts signed — John S. Jones — were produced by the defendant Sanders, one bearing date the 1st of January, 1851, for the sum of $449.22, “for board and clothing and other expenses of my children for 1850, for whom he is guardian.”— The second receipt is for $199,81, and is in these words: “Ke-ceived of D. W. Sanders, guardian of my infant children $199 81 on account of their board and clothing for this year, April 25th, 1850.” Subsequently to the taking the deposition of Mr. Hall, in October 1852, the deposition of Gr.
 
 W.
 
 Hawkins was taken, in which he states, that about two years before that time, the defendant Saunders placed in his hands an old judgment against John S. Jones, which he renewed, and appended to this deposition, is the following acknowledgement, signed in the name of the defendant Sanders. “ David
 
 W.
 
 Sanders admits that the receipt of John S. Jones to him, dated the 25th April, 1850, was given for the claim referred to by G-. "W. Hawkins, and a yoke of oxen, which receipt is
 
 *214
 
 for $199.81.” Again: Jane Jones and ’William Jones 130111 testify that Sanders furnished John S. Jones, during the year 1850, with only one barrel of port and twenty pounds of coffee, and with no clothing — and that the family was supplied with provisions by the plaintiff with the knowledge of Sanders. The insolvency of Jones is admitted. It is clear to us, that the plaintiff was induced to sign the note for $305.75, as the surety of John S. Jones, by the representation made by the defendant Sanders, and that those representations were designed to have that effect. That the execution of the note by the plaintiff was in the nature of a contract, that the board and clothing of the children for the year 1850, should be appropriated to its discharge, as far as they would go — and that it ought to have been carried out by the defendant Sanders in good faith. If Sanders had proved, that he had in fact made advances to Jones during the year 1850, to the amount of the receipt of January, 1851, which he has entirely failed to do, as against the plaintiff’s claim, they would have availed him nothing; for they would have been made in bad faith, in direct violation of what he knew to be the inducement to the plaintiff to become Jones’ surety. The loss occasioned by Jones’ insolvency, if any, must .fall upon Sanders, and not upon the plaintiff. The plaintiff is entitled to have the note of $305.75, credited with the price of the board and clothing of the children for the year 1850, and if the amount of that note has been paid by him to the defendant Sanders, he is entitled to a decree for the full amount, with interest thereon from the time of payment, or to so much as the value of the board and clothing of the children for the year 1850 amounts to.
 

 There must be a reference to the master, to ascertain the names and number of the children of John S. Jones, who lived with him during the year 1850 — the value of their board and clothing — also the amount due upon the note of $305.75.
 

 Pee Cueiam. Decree accordingly.